IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JERMAINE T. PATTON,**

       Petitioner,

       v.                                CASE NO. 07-3154-SAC

**RILEY COUNTY,**
**et al.,**

       Respondents.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Norton Correctional Facility, Norton, Kansas. Petitioner also filed an application to proceed without prepayment of fees (Doc. 2). The court finds the application should be granted.

Having examined all materials filed, the court finds as follows. On November 15, 2006, Mr. Jermaine was convicted in Riley County District Court, Manhattan, Kansas, upon his plea of guilty of unspecified offenses. He seeks to attack his sentence of 9 months imprisonment, 12 months probation, and 12 months post-release supervision, imposed on December 18, 2006.

As grounds for his attack, petitioner claims he should have received probation only, but the judge "gave (him) an upward departure" because he had violated his probation in a prior case. He also claims his attorney misled him and was ineffective.

Exhaustion of all available state court remedies is a statutory prerequisite to proceeding on a petition for writ of habeas corpus under 28 U.S.C. 2254 in federal court. 28 U.S.C. 2254(b)(1) provides:

"An application for a writ of habeas corpus on behalf of

> a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B).

It is clear from the face of the Petition that Mr. Patton did not file a direct appeal, and has not filed a state post-conviction motion.  He alleges he tried to appeal by asking his attorney to file an appeal, and his attorney agreed to file an appeal even though he advised it would do no good.  However, petitioner alleges his attorney never filed an appeal.  Petitioner's allegations regarding his attorney's failure to file an appeal do not establish that state court remedies are either unavailable or ineffective.

Mr. Patton is required to present his claims to the state courts before he may proceed in federal court.  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  Petitioner's allegations reveal that he has not presented his claims to the highest state court by either procedure.  Mr. Patton might seek permission to file a late appeal

2

in the state courts.  Or he might file a state post-conviction motion in the state trial court.  If relief is denied by the district court he must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review by the Kansas Supreme Court.

Petitioner will be given twenty (20) days to show cause why this action should not be dismissed, without prejudice, due to his failure to exhaust state court remedies on his claims.

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days in which to show cause why this action should not be dismissed, without prejudice, for failure to exhaust state court remedies.

**IT IS FURTHER ORDERED** that petitioner's application to proceed without prepayment of fees (Doc. 2) is granted.

**IT IS SO ORDERED.**

Dated this 13th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge